```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-15-16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -v.-

JASON GALANIS,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTIES/MONEY JUDGMENT**

15 Cr. 643 (PKC)

WHEREAS, on September 21, 2015, JASON GALANIS (the "Defendant"), and others, was charged in a nine-count Indictment, 15 Cr. 643 (PKC) (the "Indictment"), with conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Counts One and Eight); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2 (Counts Two and Nine); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Three); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Four); and investment advisor fraud in violation of Title 15, United States Code, Sections 80b-6 and 80b-17 (Counts Five through Seven);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Nine of the Indictment seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, the forfeiture of any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Nine of the Indictment;

WHEREAS, on or about July 21, 2016, the Defendant pled guilty to Counts One, Two, Five and Eight of the Indictment and admitted the forfeiture allegation with respect to

Counts One, Two, Five and Eight of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, the following:

    a.    a sum of money equal to $37,591,681.10 in United States currency, representing any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One, Two, Five and Eight of the Indictment; and

    b.    all, right, title and interest of the Defendant in the following real property together with all improvements and appurtenances thereto:

        i.    1920 Bel Air Road, Los Angeles, California 90077; and

        ii.    260 West Broadway, Unit 1, New York, New York 10013;

(together, the "Specific Properties");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $37,591,681.10 in United States currency, representing any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One, Two, Five and Eight of the Indictment and to the forfeiture of all of his right, title and interest in the Specific Properties;

WHEREAS, the Defendant agrees that the Specific Properties are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461;

WHEREAS, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), the Defendant consents to this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment becoming final as to his interests prior to sentencing; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Properties to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest therein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorneys Aimee Hector, Rebecca G. Mermelstein and Brian R. Blais, of counsel, and the Defendant, and his counsel, Thomas Mazzucco, Esq., that:

1. As a result of the offense charged in Counts One, Two, Five and Eight of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $37,591,681.10 in United States currency (the "Money Judgment") shall be entered against the Defendant. This Defendant shall be jointly and severally liable for the Money Judgment with co-defendants charged in the Indictment.

2. As a result of the offense charged in Counts One, Two, Five and Eight of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853. The Defendant agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Properties and will not assist anyone else in doing so. Upon the entry of a Final Order of Forfeiture forfeiting the Specific Properties to the United States, the Specific Properties shall be applied towards the Money Judgment in partial satisfaction of the Money Judgment.

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, the United States Marshals Service (or its designee) is authorized to seize the Specific Properties and hold the Specific Properties in its secure custody and control.

4. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment is final as to the Defendant, JASON GALANIS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

5. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the "United States Marshals Service," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the Defendant's name and case number.

6. Upon execution of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Consent Preliminary Order of

Forfeiture as to Specific Properties/Money Judgment. Any person, other than the Defendant in this case, claiming an interest in the Specific Properties must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Properties and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Properties pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

11. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests

for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

13. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment to Assistant United States Attorney Jason H. Cowley, Chief of the Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

14. The signature pages of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____     7/21/16
    AIMEE HECTOR                         DATE
    REBECCA G. MERMELSTEIN
    BRIAN R. BLAIS
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    Tel.: (212) 637-2203/2360/2521


JASON GALANIS
DEFENDANT

By: _____     7/21/16
    JASON GALANIS                       DATE

[ADDITIONAL SIGNATURES ON THE FOLLOWING PAGE]

6

By: _____    `7/21/16`
     THOMAS MAZZUCCO, ESQ.    DATE
     Attorney for Defendant
     Murphy Pearson Bradley & Feeney
     81 Kearny Street, 10th Floor
     San Francisco, California 94108
     Tel.: (415) 788-1900

SO ORDERED:

_____    `8-15-16`
HONORABLE P. KEVIN CASTEL    DATE
UNITED STATES DISTRICT JUDGE