# SHER TREMONTE LLP

August 31, 2016

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:  *United States v. Gary Hirst*, 15 Cr. 643(PKC)

Dear Judge Castel:

    We write on behalf of our client, Gary Hirst, in anticipation of the pretrial conference scheduled for tomorrow, September 1, 2016.  In addition to the *in limine* motions raised by letter dated August 28, 2016, we write to alert the Court to a further concern that we request be addressed before trial (either orally at tomorrow's conference or, should the Court prefer, by way of further briefing):  namely, the government's suggestion that it intends to put on evidence of other acts by Mr. Hirst without affording the defense proper 404(b) notice and well after the Court's June 3, 2016 deadline for such notice.

    As the Court is aware, Mr. Hirst, the former president of Gerova Financial Group, Ltd., is charged with facilitating Jason Galanis's fraudulent acquisition of a block of Gerova shares.  In its opposition to our motion *in limine*, the government argues that the subsequent disposition of those shares – by means of a pump and dump scheme – was reasonably foreseeable to Mr. Hirst, and alleges that Mr. Hirst received $2.6 million in proceeds from the nominee's account.[1]  The government has also confirmed that it is not alleging Mr. Hirst received any other illegal financial benefit in connection with the charged scheme.

---

[1]     We note that the government has persisted in this allegation concerning Mr. Hirst's receipt of these funds, even though the documents produced by the government clearly show that those proceeds were immediately wired, on the same day, out of the account associated with Mr. Hirst (he was an authorized signatory) and into a Swiss bank account.  The defense has repeatedly advised the government that Mr. Hirst did not receive these funds, and the government has to date apparently been unable to determine the identity of the owner of the Swiss bank account.  The government has refused to disclose to the defense what investigative steps, if any, it has taken to determine the account holder's identity.

The Honorable P. Kevin Castel
August 31, 2016
Page 2

      Thus, even under the government's view of case, the only evidence necessary to establish the charges is proof that relates to Jason Galanis's acquisition of Shahini shares, and their subsequent disposition. However, the government's voluminous proposed exhibits and 3500 material contain multiple references to *other* business ventures, investment vehicles, and financial transactions; several of which appear to involve Mr. Hirst, and some of which appear to be connected to Jason Galanis. Many of these other transactions relate to Gerova, but are not in any way connected to the acquisition and disposition of the Shahini shares.

      In light of these materials, and the fact that the defense has received no 404(b) notice, we asked the government whether it intended to argue that any of these other transactions or financial arrangements were "bad acts," or, alternatively, whether it planned to suggest to the jury that these transactions were suspicious or established a pattern of business dealings that tended to incriminate Mr. Hirst. In response, the government indicated that no 404(b) notice was required because whatever evidence it plans to introduce is related to Gerova. The government further suggested that the defense identify which transactions presented a concern.

      The government's proposal is neither appropriate nor fair. Given the scope of the charged illegal acts against Mr. Hirst, any financial transactions or investments that are distinct from this alleged conduct – *even if those transactions relate in some way to Gerova* – constitute "other acts" for purposes of Fed. R. Evid. 404(a). Absent proper 404(b) notice to the defense, any such evidence should be precluded. *See, e.g.*, *United States v. Martoma*, No. 12-CR-973 (PGG), 2014 WL 31191, at *3 (S.D.N.Y. Jan. 6, 2014) (holding that proffered evidence was "other act" evidence subject to Rule 404(b) where it was not "manifestly clear" that the proffered evidence was "*intrinsic proof of the charged offenses*") (emphasis added); *United States v. Hatfield*, 685 F. Supp. 2d 320, 323 (E.D.N.Y. 2010) (holding that evidence of uncharged conduct constitutes "other act" evidence subject to Rule 404(b) where the proffered evidence "involved separate, discrete incidents of alleged fraud or deceit, not conduct that was *inextricably intertwined* with the Indictment's charges or *necessary* to complete the Indictment's story") (emphasis added); *United States v. Newton*, No. 01-CR-635 (CSH), 2002 WL 230964, at *2-3 (S.D.N.Y. Feb. 14, 2002) (holding that evidence of uncharged bad acts constituted "other act" evidence "subject to Rule 404(b)'s strictures" where proffered evidence had "no direct involvement with or crucial connection to the charged" conduct, and was "not crucial information without which the jury will be confused or the government's theory of the case unfairly curtailed").[2] Moreover, even if the other transactions do not in the

---

[2]     Because the government's proffered evidence is subject to Rule 404(b), the government's failure to provide notice of this evidence renders it inadmissible. Fed. R. Evid. 404 advisory committee's note (1991) ("Because the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met."); *see, e.g.*, *United States v. Vega*, 188 F.3d 1150, 1155 (9th Cir. 1999) (holding that district court abused its discretion in admitting "other acts evidence" absent any notice from the government).

The Honorable P. Kevin Castel
August 31, 2016
Page 3

government's view constitute prohibited Fed. R. Evid. 404(a) evidence, we respectfully submit that Mr. Hirst's other business transactions with Mr. Galanis are not relevant to the government's charges and create the risk of unfair prejudice and jury confusion.

The government's further suggestion that the *defense* should identify in the government's materials which transactions could be construed as "prior bad acts" evidence turns the notice requirements of Fed. R. Evid. 404(b) on its head, and moreover implicates Mr. Hirst's right to due process and a fair trial. It is inappropriate and utterly inconsistent with bedrock constitutional guarantees to place on the defendant the burden to specify which of his transactions or investments could be construed as "bad," or "illegal." Rather, the notice requirement is rightly placed on the government, both to protect against such burden-shifting, and to allow the defense to object to the introduction of prior bad acts evidence in advance of trial, thereby ensuring the smooth presentation of the evidence before the jury. *See, e.g.*, *United States v. Giffen*, 379 F. Supp. 2d 337, 345 (S.D.N.Y. 2004) ("The purpose of the notice provision is 'to reduce surprise and promote early resolution' of any challenge to admissibility of the proffered evidence."). The government has failed to provide such notice in this case, and its failure should not be excused by permitting it to sweep other acts evidence under the broad umbrella of evidence "related to Gerova" or by impermissibly shifting the burden to Mr. Hirst. Thus, to the extent the government seeks to introduce evidence of any "bad" (or "suspicious" or "shady") financial transactions that involved Mr. Hirst that were unrelated to Jason Galanis's acquisition of the Ymer Shahini issued shares, the evidence should be precluded.

Respectfully submitted,

/s/
Michael Tremonte
Justine A. Harris
Noam Biale
SHER TREMONTE LLP
80 Broad Street, 13th Floor
New York, NY 10004
Tel: (212) 202-2600
Fax: (212) 202-4156
Email: mtremonte@shertremonte.com

cc:   AUSA Brian Blais (via ECF)
      AUSA Rebecca Mermelstein (via ECF)
      AUSA Aimee Hector (via ECF)