G8MFGALP                          Plea

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                        15 CR 643 (PKC)

5    JARED GALANIS, et al,

6              Defendants.

7    ------------------------------x

8                                     New York, N.Y.
                                      August 22, 2016
9                                     2:30 p.m.

10

     Before:
11
                         HON. KEVIN P. CASTEL,
12
                                      District Judge
13

14                        APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     REBECCA MERMELSTEIN
17   BRIAN BLAIS
          Assistant United States Attorney
18
     JAMES LASSART, ESQ.
19        Attorney for Defendant

20

21

22

23

24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

G8MFGALP                         Plea

1              (Case called)

2              (In open court)

3              THE COURT:  This is United States v. Jared Galanis.

4    Is the government ready?

5              MS. MERMELSTEIN:  We are.  Good afternoon, your Honor.

6    Rebecca Mermelstein and Brian Blais for the government.

7              MR. BLAIS:  Good afternoon, your Honor.

8              THE COURT:  Good afternoon to you both.  And for the

9    defendants?

10             MR. LASSART:  Good afternoon.  James Lassart appearing

11   on behalf of Mr. Galanis.  My client is present, your Honor.

12             THE COURT:  Mr. Galanis, I've been told that you wish

13   to enter a plea of guilty to Count Eight of the indictment.  Is

14   that correct?

15             THE DEFENDANT:  That is correct, your Honor.

16             THE COURT:  All right, please be seated, Mr. Galanis.

17   Before I accept a guilty plea from you, I must satisfy myself

18   that you understand the rights you would have if this case went

19   to trial, the rights you're giving up by pleading guilty and

20   that there's a factual basis for the plea of guilty.  Further,

21   that you understand the consequences of pleading guilty.

22             In a moment I'm going to place you under oath and ask

23   you certain questions, inform you of certain rights.  If I ask

24   you something or I tell you something and you don't quite

25   understand, please let me know and I'll put it into different

G8MFGALP                        Plea

1    words.  Also, if at any point in today's proceeding you wish to

2    speak in private with your lawyer, I'll give you the

3    opportunity to do so.  Do you understand all that?

4              THE DEFENDANT:  I do, your Honor.

5              THE COURT:  All right.  Please stand and raise your

6    right hand.

7              (Defendant sworn)

8              THE COURT:  Please be seated.  You are now under oath

9    and your answers to my questions are subject to the penalties

10   of perjury or of making a false statement if you do not answer

11   truthfully.  Also, anything you say today may be used in any

12   such prosecution.  Do you understand all that?

13             THE DEFENDANT:  I do, your Honor.

14             THE COURT:  All right.  How old are you, sir?

15             THE DEFENDANT:  37 years old, your Honor.

16             THE COURT:  And how far did you go in school?

17             THE DEFENDANT:  I went to law school, but I also

18   obtained two master's degrees after law school as well.

19             THE COURT:  In what fields?

20             THE DEFENDANT:  Financial analysis and intellectual

21   property law.

22             THE COURT:  Are you a member of the bar anywhere?

23             THE DEFENDANT:  I am, your Honor.

24             THE COURT:  Where?

25             THE DEFENDANT:  The state of California, the District

1    of Columbia and the State of New York.

2            THE COURT:  Are you now or have you recently been

3    under the care of a medical doctor?

4            THE DEFENDANT:  No.

5            THE COURT:  Have you ever been treated for a mental

6    illness?

7            THE DEFENDANT:  Anxiety, your Honor.

8            THE COURT:  All right.  And do you take any

9    medications for that?

10           THE DEFENDANT:  I do not, your Honor.

11           THE COURT:  Okay.  Have you ever been addicted to any

12   substance; alcohol, marijuana, prescription medications,

13   cocaine, crack, heroin, anything?

14           THE DEFENDANT:  No, your Honor.

15           THE COURT:  How do you feel today?

16           THE DEFENDANT:  I feel good, your Honor.

17           THE COURT:  Is your mind clear?

18           THE DEFENDANT:  It is, your Honor.

19           THE COURT:  Do you understand what's happening?

20           THE DEFENDANT:  I do, your Honor.

21           THE COURT:  Does defense counsel have any doubts as to

22   the defendant's competence to enter an informed plea?

23           MR. LASSART:  I do not, your Honor.

24           THE COURT:  Based upon my observations, Mr. Galanis is

25   fully competent to enter an informed plea.

1          Mr. Galanis, have you had enough time to consider all

2     of your options in this case?

3          THE DEFENDANT:  I have, your Honor.

4          THE COURT:  Have you discussed possible defenses to

5     the charges with your lawyer?

6          THE DEFENDANT:  I have, your Honor.

7          THE COURT:  Are you satisfied with your lawyer's

8     representation of you?

9          THE DEFENDANT:  I am, your Honor.

10         THE COURT:  All right.  I'm now going to explain to

11    you certain rights that you would have if the case went to

12    trial and rights you're giving up by pleading guilty.  Under

13    the Constitution and laws of the United States, you are

14    entitled to a speedy and public trial before an impartial jury

15    on the charges contained in the indictment.  Do you understand

16    that?

17         THE DEFENDANT:  I do, your Honor.

18         THE COURT:  If there were such a trial, the government

19    would be required to prove each element of each crime by proof

20    beyond a reasonable doubt.  You would not have to prove you

21    were innocent.  Before you could be found guilty, a jury of

22    twelve people would have to agree unanimously that you were

23    guilty.  Do you understand all that?

24         THE DEFENDANT:  I do, your Honor.

25         THE COURT:  If there were a trial, at every stage of

G8MFGALP                        Plea

 1    your case you would be entitled to be represented by a lawyer
 2    and if you could not afford a lawyer one would be appointed at
 3    public expense.  Do you understand?
 4              THE DEFENDANT:  I do, your Honor.
 5              THE COURT:  If there were a trial the witnesses for
 6    the government would have to come to court to testify.  You
 7    would be able to see and hear them.  Your lawyer could question
 8    them through cross-examination.  Your lawyer could object to
 9    evidence offered by the government.  Your lawyer could present
10    evidence and could ask the Court to compel witnesses to appear
11    at trial on your behalf.  Do you understand all that?
12              THE DEFENDANT:  I do, your Honor.
13              THE COURT:  If there were a trial you would have the
14    right to testify if you chose to do so.  You could come up here
15    and take the witness stand.  Also, you would have the right not
16    to testify and no one would be permitted to draw any inference
17    or suggestion of guilt from the fact that you decided not to
18    testify.  Do you understand all that?
19              THE DEFENDANT:  I do, your Honor.
20              THE COURT:  If there were a trial and the jury found
21    you guilty, you would have the right to appeal that finding.
22    Do you understand that?
23              THE DEFENDANT:  I do, your Honor.
24              THE COURT:  Now, those are the rights you would have
25    if you went to trial.  If you plead guilty and I accept your

plea of guilty there will be no trial.  You will proceed to the

sentencing phase in which the Court will determine the

punishment to be imposed upon you.  Even now you have the right

to change your mind.  Instead of pleading guilty, you may plead

not guilty and go to trial.  Do you wish to plead not guilty

and go to trial?

          THE DEFENDANT:  No, your Honor.

          THE COURT:  Do you understand that you are charged in

Count Eight of the indictment with the crime of misprision of a

felony?  Do you understand that?

          THE DEFENDANT:  I do, your Honor.

          THE COURT:  Do you understand that Count Eight carries

a maximum sentence of imprisonment of three years, a maximum

term of supervised release of one year, a maximum fine of the

greatest of $250,000, twice the gross pecuniary or monetary

gain derived from the offense or twice the gross pecuniary loss

to persons other than yourself as a result of the offense and a

mandatory $100 special assessment.  Do you understand all that?

          THE DEFENDANT:  I do, your Honor.

          THE COURT:  Do you understand that the Court must

order that you make restitution to any person who I find was

injured by reason of your conduct?  Do you understand that?

          THE DEFENDANT:  I do, your Honor.

          THE COURT:  With regard to supervised release, there

are terms and conditions attached to it, and if you do not live

G8MFGALP                    Plea

1  up to those terms and conditions you could be returned to

2  prison for the full period of supervised release.  So say you

3  receive a prison term, to be followed by a term of supervised

4  release and you complete your prison term, you're now on

5  supervised release and you live up to the terms of supervised

6  release for three months but then you violate one of the terms,

7  you can be returned to prison for the full period of supervised

8  release, which may be up to one year on supervised release.  Do

9  you understand all that?

10          THE DEFENDANT:  I do, your Honor.

11          THE COURT:  Are you a U.S. citizen?

12          THE DEFENDANT:  I am, your Honor.

13          THE COURT:  Among the consequences of pleading guilty

14  is you may give up other valuable civil rights, such as the

15  right to vote, to hold public office, to sit on a jury, to hold

16  certain licenses, including your license to practice law, to

17  hold or possess a firearm, to receive certain government

18  benefits.  Do you understand that?

19          THE DEFENDANT:  I do, your Honor.

20          THE COURT:  All right.  Are you serving any other

21  sentence, state or federal, or being prosecuted in state court

22  for any crime?

23          THE DEFENDANT:  No, your Honor.

24          THE COURT:  In sentencing you, I will receive a

25  presentence report prepared by the office of probation that

G8MFGALP                    Plea

1    gives me background information and a recommended range of

2    sentence under the sentencing guidelines.  After hearing from

3    your lawyer and from the government, I will make my own

4    determination of the correct guideline range that applies in

5    your case.  Even after determining the correct guideline range

6    I need not follow it and can sentence you all the way up to the

7    statutory maximum.  The guidelines are advisory and they are

8    not binding on the Court.  They are one of the factors that the

9    Court takes account of in determining sentence under the

10   sentencing statute commonly known as Section 3553(a).  Do you

11   understand all that?

12            THE DEFENDANT:  I do, your Honor.

13            THE COURT:  Now, I understand there's been a plea

14   agreement reached between you and the government and it's

15   reflected on a five-page letter agreement on the letterhead of

16   the Department of Justice and bearing the date of August 18,

17   2016.  I'll ask the clerk to place that in front of you.  Is

18   that your plea agreement with the government?

19            THE DEFENDANT:  It is, your Honor.

20            THE COURT:  Is that your signature on the last page?

21            THE DEFENDANT:  It is, your Honor.

22            THE COURT:  Did you read it before you signed it?

23            THE DEFENDANT:  Yes, I did, your Honor.

24            THE COURT:  Did you discuss it with your lawyer before

25   you signed it?

G8MFGALP                        Plea

1            THE DEFENDANT:  Yes, I did, your Honor.

2            THE COURT:  Did you understand it before you signed

3    it?

4            THE DEFENDANT:  Yes, I did, your Honor.

5            THE COURT:  Did anyone threaten you or force you in

6    any way to enter into the plea agreement or to plead guilty?

7            THE DEFENDANT:  No, your Honor.

8            THE COURT:  Did anyone give you anything of value or

9    promise you anything in order to get you to plead guilty?

10            THE DEFENDANT:  No, your Honor.

11            THE COURT:  Does your plea agreement contain all of

12    your understandings with the government?

13            THE DEFENDANT:  It does, your Honor.

14            THE COURT:  Mr. Galanis, I want you to know that any

15    prediction, calculation or estimate that anyone has made to you

16    as to what sentence I may give you is not binding on the Court

17    and if it turns out to be wrong you will not be permitted to

18    withdraw your guilty plea.  Do you understand that?

19            THE DEFENDANT:  I do, your Honor.

20            THE COURT:  Now, one of the features of your plea

21    agreement with the government is that you and the government

22    have agreed upon a guideline range that applies in this case

23    which the plea agreement calls the stipulated guideline range

24    and which is the range of 30 to 36 months' imprisonment.  Is

25    that correct?

G8MFGALP                        Plea

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  That agreement is binding on you and it is

3    binding on the government, but it is not binding on the Court.

4    As I said, I have my own obligation to determine the correct

5    guideline range in this case.  If I determine that the proper

6    guideline range is higher than the one you agreed to with the

7    government, you will not be permitted to withdraw your guilty

8    plea.  Do you understand that?

9          THE DEFENDANT:  I do, your Honor.

10         THE COURT:  All right.  Now, one of the features of

11   your plea agreement with the government is if I should sentence

12   you within the stipulated guideline range of 30 to 36 months'

13   imprisonment, or above that range, the government has agreed

14   not to appeal.  But you have agreed that if I sentence you

15   within the stipulated guideline range of 30 to 36 months'

16   imprisonment or below that range, that you will not appeal or

17   attack the sentence.  Do you understand that?

18         THE DEFENDANT:  I do, your Honor.

19         THE COURT:  You have waived your right to appeal or

20   collaterally attack the sentence unless the sentence is above

21   the stipulated guideline range set forth in the plea agreement

22   and in that event the law will only allow you to appeal on the

23   basis that the sentence is unreasonable or contrary to law.  Do

24   you understand that?

25         THE DEFENDANT:  I do, your Honor.

G8MFGALP                        Plea

1          THE COURT:  Ms. Mermelstein, what are the elements of

2   Count Eight and what in summary would be the government's

3   evidence on Count Eight if this case went to trial?

4          MS. MERMELSTEIN:  The elements are, first, that the

5   felony of conspiracy to commit securities fraud alleged in the

6   indictment in Count One was committed by someone other than the

7   defendant, in this case, John Galanis and others.

8          Second, that the defendant had knowledge of the

9   commission of the felony.

10         Third, that the defendant failed to notify the

11  relevant federal authorities about the commission of the

12  offense, and, fourth, that the defendant deliberately took some

13  affirmative step to conceal the crime as described in the

14  indictment.

15         If the case proceeded to trial the government would

16  prove through documentary evidence and witness testimony that

17  Jared Galanis was aware that John Galanis, Jason Galanis, Derek

18  Galanis, Ymer Shahini and others participated in a conspiracy

19  to commit securities fraud, I note a securities fraud for which

20  there was venue in the Southern District of New York,

21  principally, or at least in part, because Gerova shares were

22  traded on the New York Stock Exchange, whose servers were at

23  that time located in the Southern District of New York; that

24  Jared Galanis did not notify the relevant federal authorities

25  of the events and indeed took steps to conceal the crime, in

G8MFGALP                          Plea

1    particular, among other steps to conceal, the government would

2    prove that Jared Galanis provided John Galanis with a cellular

3    telephone registered in Jared Galanis' name which John Galanis

4    used to coordinate matched trading with Gavin Hamils; that

5    Jared Galanis provided John Galanis with access to Jared

6    Galanis' law firm's e-mail account, which John Galanis used to

7    coordinate matched trading with James Tagliaferi and otherwise

8    to communicate with James Tagliaferi about various aspects of

9    the fraud and Jared Galanis dispersed proceeds of the fraud

10   through his law firm's IOLTA account.

11          THE COURT:  When you say IOLTA account, you mean

12   interest on lawyers trust account?

13          MS. MERMELSTEIN:  Yes, your Honor.

14          THE COURT:  Thank you.  Mr. Galanis, please tell me in

15   your own words what you did that leads you to believe that you

16   are guilty of the crime charged in Count Eight?

17          THE DEFENDANT:  Your Honor, I am guilty of having

18   ultimately acquired actual knowledge of my father, John

19   Galanis' participation in an agreement to commit securities

20   fraud and I am guilty of concealing his participation in this

21   fraudulent scheme and not report this to law enforcement

22   authorities.  While I did not initially know that my father was

23   impersonating me to perpetuate this fraud I did eventually

24   become aware of his impersonation I did not report this to any

25   law enforcement authorities and I did in fact conceal this.

G8MFGALP                        Plea

1              THE COURT:  All right.  Did you know what you were

2     doing was wrong and unlawful?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  All right.  And Mr. Lassart, is there any

5     basis to refute the government's proffer on venue in this case?

6              MR. LASSART:  No, your Honor.

7              THE COURT:  All right.  Are you aware of any reason

8     why I should not accept your client's guilty plea in this case?

9              MR. LASSART:  I'm not, your Honor.

10              THE COURT:  Are you aware of any defense that would

11     likely prevail at trial?

12              MR. LASSART:  I'm not, your Honor.

13              THE COURT:  Okay.  All right.  Mr. Galanis, do you

14     have any questions for me?

15              THE DEFENDANT:  No, your Honor.

16              THE COURT:  With regard to Count Eight of the

17     indictment, how do you plead; guilty or not guilty?

18              THE DEFENDANT:  Guilty, your Honor.

19              THE COURT:  Based upon your responses to my questions

20     and my observations, I find that you know your rights, you know

21     the consequences of pleading guilty and there's a factual basis

22     for your plea of guilty.  Further, I find that your plea

23     agreement was knowingly and voluntarily entered into, including

24     the provision waiving the right to appeal or collaterally

25     attack the sentence under specified circumstances.  Your plea

G8MFGALP                         Plea

1    of guilty is accepted.  I will order a presentence

2    investigation and report and direct that no interview of you

3    take place unless your lawyer is present.  It's important that

4    you be truthful and honest with the people who prepare the

5    presentence report, tell them the good things and even the not

6    so good things because the report will be important in my

7    decision on sentencing.  Before the date of sentencing, you

8    will have an opportunity to review that report.  I urge you to

9    go through it carefully.  If there are any mistakes point them

10   out to your lawyer so that he can point them out to me.

11           Mr. Lassart, I am going to direct that you set a date

12   for an interview of your client with probation within the next

13   14 days and I'm going to direct that the government provide its

14   description of the offense conduct to probation in that same

15   time period.

16           I will set a date for sentencing for December 2 at

17   2:30 p.m. Is there anything further from the government?

18           MS. MERMELSTEIN:  No, your Honor.

19           THE COURT:  Anything further from the defendant?

20           MR. LASSART:  No, your Honor.

21           THE COURT:  All right, we're are adjourned.  Thank

22   you.

23           (Adjourned)

24

25