

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 23, 2016

**BY ECF AND EMAIL**

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan Federal Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:   **United States v. Gary Hirst,**
               **15 Cr. 643 (PKC)**

Dear Judge Castel:

      The Government writes to preclude the defense from making improper arguments in their summation. In particular, the Government moves the preclude the defense from (i) arguing the existence of certain facts not in the record; (ii) arguing – as they did in their opening statement – that Hirst was a scapegoat, while the true criminals went unpunished; and (iii) making arguments inconsistent with the parties' agreement concerning the number of telephone calls between the defendant and Jason Galanis.

      *The Defendant May Not Make Arguments About Facts Not Before the Jury*

      During the course of the trial, the defendant attempted to elicit certain facts from Government witnesses, but was unable to do so. Two such instances are of particular relevance. In the first, the defendant asked Mr. Hlavsa whether the copy of the consulting agreement Hlavsa had received from Steve Weiss had been signed. (Tr. at 576). Hlavsa testified that he was not certain whether the agreement was signed or unsigned. (Tr. at 576). Defense counsel then asked whether Hlavsa had previously stated in an SEC deposition that he had received a signed copy of the consulting agreement from Weiss; Hlavsa answered that he did not remember so testifying. (Tr. at 576). In the second instance, Hlavsa was asked about an April 23, 2010 letter from the defendant to the New York Stock Exchange. (Tr. at 714-715). The letter, Government Exhibit 554, provided a list of all of Gerova's consulting agreements, but did not mention any agreement with Ymer Shahini.[1] Hlavsa was then asked about an April 21, 2010 email from Steve Weiss to Hirst, Hlavsa and others attaching a "pdf version of the proposed submission by Gerova to the

---

[1] The Shahini Consulting Agreement was purportedly signed in January 2010. The Shahini Warrant Agreement, which references the Consulting Agreement, was purportedly signed in March 2010.

NYSE Amex." (DX 1254). Defense counsel elicited from Hlavsa that the version of the letter attached to Weiss's email bore what appeared to be Gary Hirst's electronic signature. (Tr. at 719). Hlavsa was then asked whether Hirst, "specifically told you and the other recipients of this email that that wasn't his signature and he had not approved that document." (Tr. at 719). Hlavsa said he did not recall such a statement by Hirst. (Tr. at 719).

In light of Hlavsa's answers concerning the topics described above, there is simply *no* evidence whatsoever in the record that (i) Steve Weiss provided a *signed* copy of the consulting agreement to Hlavsa; or (ii) that Hirst told anyone that he had not signed or approved the letter submitted to the New York Stock Exchange on April 23, 2010. It is axiomatic that counsel's questions are not evidence, and defense counsel may not rely on such questions in arguing the existence of these facts to the jury. Accordingly, defense counsel should be precluded from alleging such facts or making arguments on the basis of such facts to the jury.

*The Defendant May Not Argue That He Has Been Made a Scapegoat While the True Criminals Went Unpunished*

As Your Honor is aware, in defense counsel's opening statement, defense counsel improperly argued that Hirst alone had faced charges for the criminal conduct alleged in the Indictment. The Court recognized the misleading nature of such statements and allowed the Government to cure the misimpression by offering testimony that six other individuals had been charged together with the defendant. In addition to the factual inaccuracy of defense counsel's statements, arguments concerning the exercise of prosecutorial discretion is not a proper consideration at trial and may not be put before the jury. United States v. Regan, 103 F.3d 1072, 1082 (2d Cir. 1997) ("the selective prosecution defense is an issue for the court rather than the jury"); United States v. Jones, 52 F.3d 924, 927 (11th Cir.) (same), cert. denied, ___ U.S. ___, 116 S. Ct. 265 (1995); United States v. Washington, 705 F.2d 489, 495 (D.C. Cir. 1983) (same); United States v. Bertoli, 854 F. Supp. 975, 1076-77 (D.N.J. 1994) (precluding defense from presenting a defense or any evidence based on selective or vindictive prosecution because "[c]ase law definitively establishes that questions of vindictive prosecution and Government misconduct are not proper questions for the jury to consider"), conviction aff'd, sentence vacated and remanded, 30 F.3d 1384 (3d Cir. 1994); United States v. Napper, 553 F. Supp. 231, 232 (E.D.N.Y. 1982) ("The defendant does not have the right to present a selective prosecution claim to a jury.") Accordingly, the defendant should be precluded from arguing that the defendant has been a scapegoat or from attacking the Government's decision to charge Hirst, but not to charge certain other individuals.

*The Defendant May Not Violate the Parties' Stipulation Concerning Evidence of the Number of Calls Between Hirst and Jason Galanis*

As Your Honor is also aware, the parties had a significant dispute about the admissibility of evidence concerning the number of intercepted calls between the defendant and Jason Galanis. As set forth in further detail in the Government's September 20, 2016 letter, the parties ultimately reached an agreement concerning evidence of (i) the number of intercepted calls between the defendant and Jason Galanis; and (ii) the number of calls between the defendant and Galanis which took place over unmonitored phones. The parties agreed that neither party would offer any

evidence concerning the number of monitored or unmonitored calls between the defendant and Galanis.  The parties also agreed that neither party would make any argument concerning the meaning of the number of calls or the lack of calls.  Accordingly, and in conformity with the parties' agreement, the defendant may not make any arguments suggesting that the July 28, 2010 call should be interpreted in light of the existence of other intercepted calls between the defendant and Galanis or the alleged innocuous content of those calls.  The defendant also may not suggest to the jury that there was an absence of frequent communication between himself and Galanis or that the government could have obtained phone records and/or presented such evidence to the jury but did not.

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

By: /s Rebecca Mermelstein          ____
    Brian R. Blais
    Rebecca Mermelstein
    Aimee Hector
    Assistant United States Attorneys
    (212) 637-2521/2360/2203