UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - v. -

JASON GALANIS,

   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/31/17

**FINAL ORDER OF FORFEITURE**

15 Cr. 643 (PKC)

  WHEREAS, on September 21, 2015, JASON GALANIS (the "Defendant"), and others, was charged in a nine-count Indictment, 15 Cr. 643 (PKC) (the "Indictment") (D.E. 2),[1] with conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Counts One and Eight); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2 (Counts Two and Nine); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Three); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Four); and investment advisor fraud in violation of 15, United States Code, Sections 80b-6 and 80b-17 (Counts Five through Seven);

  WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Nine of the Indictment seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, the forfeiture of any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Nine of the Indictment;

---

[1] Docket Entry Numbers are referenced herein as "D.E.".

WHEREAS, on or about July 21, 2016, the Defendant pled guilty to Counts One, Two, Five and Eight of the Indictment and admitted the forfeiture allegation with respect to Counts One, Two, Five and Eight of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, the following:

    a.    a sum of money equal to $37,591,681.10 in United States currency, representing any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One, Two, Five and Eight of the Indictment; and

    b.    all, right, title and interest of the Defendant in the following real property together with all improvements and appurtenances thereto:

        i.    1920 Bel Air Road, Los Angeles, California 90077 (the "California Property"); and

        ii.    260 West Broadway, Unit 1, New York, New York 10013 (the "New York Property");

(together, the "Specific Properties");

WHEREAS, on or about August 15, 2016, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment (the "Consent Order of Forfeiture") (D.E. 227), which: (i) imposed a money judgment against the Defendant, in the amount of $37,591,681.10 in United States currency, representing any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One, Two, Five and Eight of the Indictment; and (ii) ordered the forfeiture to the United States of all of the Defendant's right, title and interest in the Specific Properties;

WHEREAS, the Consent Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Consent Order of Forfeiture, notice of the United States' intent to dispose of the Specific Properties, and the requirement that any person

2

asserting a legal interest in the Specific Properties must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Consent Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Properties and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Properties before the United States can have clear title to the Specific Properties;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Properties was posted on an official government internet site (www.forfeiture.gov) beginning on November 9, 2016, for thirty (30) consecutive days, through December 9, 2016, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on January 5, 2017 (D.E. 356);

WHEREAS, on or about September 15, 2016, notice of the Consent Order of Forfeiture was sent by certified mail, return receipt requested, to: Camden Real Estate Opportunity Fund I, LLC; Fidelity National Title Insurance Company; Lone Oak Industries Inc.; 1920 Bel Air Rd Real Estate Holding Co, LLC; Lone Oak Fund, LLC; Vandam Acquisition Partners L.L.C.; The Board of Managers of 260 West Broadway Condominium c/o Levin & Glasser P.C.; The Board of Managers of 260 West Broadway Condominium c/o Orsid Realty Corp.; Archer

3

Diversified TCG, LLC; BOFI Federal Bank; and ECC SPE LLC c/o Emerald Creek Capital LLC; Emerald Creek Capital LLC (collectively, the "Noticed Parties");

WHEREAS, on or about September 22, 2016, the California Property was sold and the net proceeds from the sale consisting of approximately $2,270,000 was transferred to the United States Marshals Service ("USMS") and deposited in the USMS Seized Asset Deposit Fund (the "California Property Proceeds");

WHEREAS, the California Property Proceeds shall be treated as the substitute *res* for the California Property;

WHEREAS, title to the New York Property is held in the name of Archer Diversified TCG, LLC;

WHEREAS, the Defendant is the President and Manager of Archer Diversified TCG, LLC;

WHEREAS, the New York Property is more particularly described as 260 West Broadway, Unit 1/2C, New York, New York 10013; Block 212, Lot 1003, Unit 1/2C of the real property records of New York County, New York; and further described as:

> The Unit known as Unit No. 1/2C (hereinafter called the "Unit") in building known as the 260 West Broadway Condominium designated and described in the Declaration establishing The 260 West Broadway Condominium (hereinafter called the "Property"), under the Condominium Act of the State of New York (Article 9-B of the Real Property Law of the State of New York), dated December 22, 1981, recorded in the Office of the Register of the City of New York on the 30th day of December, 1981, in Reel 597 at page 1186 (hereinafter called the "Declaration"); as amended by the First Amendment to the Declaration dated January 9, 1984 and recorded January 24, 1984 in Reel 758 page 1005; as further amended by Second Amendment dated October 19, 1995 and recorded December 8, 1995 in Reel 2269 page 193S; and Third Amendment dated September 20, 2000, recorded February 5, 2001 in Reel 3232 page 2426 and Fourth Amendment dated as of January 4, 2006 and to be duly recorded in the Office of the Register, New York County and designated also as Tax Lot No. 1003 on the Floor (the "Floor Plans") of the Building, certified by Stephen B. Jacobs, A.I.A, Architect, filed in the said

4

Register's Office on December 30, 1981 as Condo Plan 44, Map 4100, as amended Map 4219.

**TOGETHER** with an undivided 6.581% interest appurtenant to the Unit in the Common Elements of the property (hereinafter called the "Common Elements");

**ALL** that certain plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

**BEGINNING** at a point on the easterly side of St. Johns Lane distant 61 feet 8 inches southerly from the corner formed by the intersection of the easterly side of St. Johns Lane and the southerly side of York Street, which point is at the southerly line of land conveyed by the American Thread Company Incorporated to 195 Broadway Corporation by deed recorded in New York County Register's Office on April 22, 1955 in Liber 4919 Cp. 677;

**RUNNING THENCE** easterly along the said southerly line of land conveyed by Liber 4919 Cp. 677 and along a line forming an angle of 89 degrees 10 minutes 00 seconds on its northerly side of the easterly side of St. Johns Lane to and along the northerly face of a concrete loading platform 49 feet 4 inches to the easterly face of said concrete loading platform and the westerly line of land conveyed by Liber 4919 Cp. 677;

**THENCE** southerly along the said westerly line of land conveyed by Liber 4919 Cp. 677 and along the line forming an angle of 89 degrees 59 minutes 10 seconds on its westerly side of the last mentioned course to and along the easterly face of said concrete loading platform and the easterly side of the easterly wall of the 11 story brick building on premises described herein 46 feet 1-1/4 inches;

**THENCE** southeasterly along the southerly line of land conveyed by Liber 4919 Cp. 677 and along a line forming an angle of 113 degrees 24 minutes 30 seconds on its northeasterly side of the last mentioned course to and along the northerly face of a northerly wall of the 11 story brick building on premises described herein 82 feet 7-1/4 inches to the northwesterly side of West Broadway;

**THENCE** southerly along the northwesterly side of West Broadway 75 feet 8 inches to the corner formed by the intersection of the said northwesterly side of West Broadway and the northerly side of Beach Street;

**THENCE** westerly along the said northerly side of Beach Street, 96 feet 3-1/2 inches to the corner formed by the intersection of the said northerly side of Beach Street and the easterly side of St. Johns Lane;

5

**THENCE** northerly along the said easterly side of St. Johns Lane 147 feet 3 inches, more or less, to the southerly line of land conveyed by deed recorded in Liber 4919 page 677 at the point or place of **BEGINNING**;

WHEREAS, on or about November 16, 2016, ECC SPE LLC ("ECC") filed a petition asserting an interest in the New York Property (the "ECC Petition") (D.E. 343);

WHEREAS, on or about December 8, 2016, the Court entered a Stipulation and Order (the "Stipulation and Order") (D.E. 352) resolving: (i) ECC's potential interest and claim to the New York Property; (ii) 260 West Broadway Condominium's potential interest and claim to the New York Property; and (iii) Monet Berger's potential interest and claim to the New York Property and the California Property Proceeds;

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and apart from the ECC Petition which has been resolved, no other petitions or claims to contest the forfeiture of the New York Property and the California Property Proceeds have been filed;

WHEREAS, the Defendant, Monet Berger and the Noticed Parties are the only persons and/or entities known by the Government to have a potential interest in the New York Property and the California Property Proceeds;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the California Property Proceeds and the New York Property (together, the "Forfeited Properties") is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Forfeited Properties.

3. The USMS (or its designee) shall take possession of the Forfeited Properties and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

4. The Clerk of the Court shall forward four certified copies of this Final Order of Forfeiture to Assistant United States Attorney Sarah K. Eddy, Chief, Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
         1-30, 2017

SO ORDERED:

_____
HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE