**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 15 CR 643 (KPC) |
| Plaintiff, | **DEFENDANT JASON GALANIS'S SUPPLEMENTAL SENTENCING MEMORANDUM** |
| v. | |
| JASON GALANIS, | |
| Defendant. | |

Defendant Jason Galanis ("Jason") objects to the Government's Supplemental Sentencing Memorandum ("Memo") (Dkt. #397), and specifically the $37,032,337.43 in restitution proposed therein.  The Government's Memo asserts that $37,032,337.43 in restitution should be ordered because this is the amount of "losses directly resulting from the criminal conduct charged in the indictment." (Memo at p. 2.)  However, the Government's Memo fails to establish the necessary requirements under Title 18, United States Code, Section 3663A.  The Government's Memo (at p. 2) sets forth the relevant standard:

> … a sentencing court, for defendants convicted of offenses described in 18 U.S.C. § 3663A(c), "*shall* order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense, or if the victim is deceased, to the victim's estate."  The offenses set forth in 18 U.S.C. § 3663A(c) include, *inter alia*, "an offense against property under this title . . . including an offense committed by fraud or deceit."  A "victim," for purposes of the restitution statute, is a person "directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered, including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern."  18 U.S.C. § 3663A(a)(2).

Here, the Government's Memo fails to establish both the direct and proximate cause element necessary to order restitution as well as "actual loss".  Restitution is authorized only "for losses that [were] ... directly caused by the conduct composing the offense of conviction," *United States v. Silkowski,* 32 F.3d 682, 689 (2d Cir.1994), and only for the victim's "actual loss." *United States v. Germosen,* 139 F.3d 120, 130 (2d Cir.1998); *United States v Agate*, 613 F.Supp.2d 315 (E.D.N.Y. 2009) (speculative losses or losses in which the victim's loss is not clearly causally linked to the offense, should not be subject to restitution).  Moreover, "Restitution should not be ordered in respect to a loss which would have occurred regardless of the defendant's conduct.... Even if but for causation is acceptable in theory, limitless but for causation is not. Restitution should not lie if the conduct underlying the offense of conviction is too far removed, either factually or temporally, from the loss." *United States v. Marino*, 654 F.3d 310, 319 (2d Cir.2011) (Quoting standard, *United States v. Vaknin,* 112 F.3d 579, 589 (1st Cir.1997).

In particular, the Government has not proven that Jason's specific offense conduct directly caused the actual loss asserted.  Instead, the Government's Memo merely asserts that it is so.  This is not enough.

DEFENDANT JASON GALANIS'S SUPPLEMENTAL SENTENCING MEMORANDUM    CASE NO.
15 CR 643 (KPC)

In fact, as set forth in *Vaknin*, the facts of the instant matter in regard to the "conduct underlying the offense of conviction" is too far removed, both factually and temporally, from the loss.[1] Moreover, the government has not proven that the proffered $37 million figure was actually lost in this case. The government must do so. *See, e.g., United States v Singletary* 649 F.3d 1212 (11th Cir. 2011) (restitution order was abuse of discretion because district court merely adopted its unexplained "guess" as to loss calculation and restitution calculation was not supported (by preponderance of evidence) by specific factual findings, as to each of mortgage loans obtained through fraud, as required); *United States v. Andrews* 600 F.3d 1167, 1169 (9th Cir. 2010) (The district court could only award restitution for loss if the government demonstrated that all costs incurred were proximately caused by defendant's criminal conduct). "It is well settled that 'a restitution order must be based on actual loss.'" *Galloway*, surpa, at 1253 (citing *United States v. Quarrell*, 310 F.3d 664, 680 (10th Cir. 2002)).

In conclusion, Jason objects to the proposed restitution because the government has not proven that Jason's offense conduct caused any actual loss, much less $37 million in loss.

Dated: April 7, 2017

MURPHY, PEARSON, BRADLEY & FEENEY

By /s/ Thomas P. Mazzucco
  Thomas P. Mazzucco
  Aaron K. McClellan
  Nicholas C. Larson
  Attorneys for Defendant Jason Galanis

---

[1] *See also* the briefing and argument in *Honeycutt v. United States*, a matter in which the U.S. Supreme Court recently heard oral argument.

DEFENDANT JASON GALANIS'S SUPPLEMENTAL SENTENCING MEMORANDUM          CASE NO.
                                                                     15 CR 643 (KPC)