U.S. Department of Justice

United States Attorney
Southern District of New York

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4-14-2017

**MEMO ENDORSED**

April 13, 2017

**BY ECF**

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan Federal Courthouse
500 Pearl Street
New York, NY 10007-1312

Application Granted.
SO ORDERED.
Hon. P. Kevin Castel, U.S.D.J.
4-13-17

Re: **United States v. Jason Galanis, John Galanis, Derek Galanis, and Gary Hirst, 15 Cr. 643 (PKC)**

Dear Judge Castel:

On March 22, 2017, the Government filed a brief setting forth its position on restitution in the above-captioned matter.[1] In that filing, the Government noted that it had considered whether the Stillwater and Wimbledon entities whose assets were contributed as part of the formation of Gerova qualified, under the relevant restitution statutes, as cognizable "victims" of the above-referenced defendants' offenses who should then be included in the proposed restitution orders. The Government further reported that, after such consideration, it had determined that Stillwater and Wimbledon did not satisfy the statutory prerequisites for inclusion in the proposed restitution orders.

Per the Court's individual practices and for the Court's consideration in connection with its restitution determination, the Government is enclosing a submission from putative victim Wimbledon, in which it disagrees with the Government's conclusion as to its status as a cognizable victim and by which it petitions the Court for inclusion in the restitution order.[2]

The Government respectfully requests that it – and any defendant wishing to file a response to Wimbledon's submission – have until April 24, 2017 to provide a written response.

OK

---

[1] On April 7, 2017, Jason Galanis filed an opposition to the Government's proposed restitution order. The Government's reply submission is due on April 14, 2017. The Government intends to file a reply on that date.

[2] The Government understands that Stillwater will shortly be providing a similar submission, which the Government will provide to the Court upon receipt.

Case 1:15-cr-00643-PKC   Document 404   Filed 04/14/17   Page 2 of 2
Case 1:15-cr-00643-PKC   Document 402   Filed 04/13/17   Page 2 of 2

Page 2

As a reminder to the Court, Jason Galanis was sentenced by this Court on February 15, 2017, while John and Derek Galanis were sentenced on February 16, 2017. Gary Hirst has yet to be sentenced. By statute, restitution issues must be resolved within 90 days of sentencing. *See* 18 U.S.C. § 3664(d)(5). Thus, restitution issues must be resolved by May 16, 2017 for Jason Galanis and by May 17, 2017 for Derek and John Galanis.[3]

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

By: /s/ Brian R. Blais
    Brian R. Blais
    Rebecca Mermelstein
    Aimee Hector
    Assistant United States Attorneys
    (212) 637-2521/2360/2203

cc: Counsel of record (by ECF)

---

[3] Although the restitution statutes provide for a determination of restitution within 90 days, a restitution determination outside that time window is not impermissible. *See Dolan v. United States*, 560 U.S. 605 (2010) ("a sentencing court that misses the 90–day deadline nonetheless retains the power to order restitution—at least where, as here, the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount."); *United States v. Gushlak*, 728 F.3d 184, 191 (2d Cir. 2013) ("[W]e have declined to reverse a restitution order because of a district court's failure to determine identifiable victims' losses within ninety days ... unless [the defendant] can show actual prejudice from the omission." (internal citation and quotation marks omitted)).