*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

May 15, 2017

**BY ECF**
The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan Federal Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    **United States v. Gary Hirst**
               **15 Cr. 643 (PKC)**

Dear Judge Castel:

      The Government writes in advance of the June 12, 2017 sentencing of the above-captioned defendant to address an error in the United States Sentencing Guidelines calculation, which results in a revised applicable Guidelines range of 168 to 210 months' imprisonment.

      According to the PSR, Hirst's offenses are grouped pursuant to U.S.S.G. § 3D1.2(d) because the offense level is largely driven by the amount of loss caused. (PSR ¶ 80). Hirst's base offense level is seven, under U.S.S.G. § 2B1.1(a)(1), because at least one of his offenses of conviction has a statutory maximum sentence of 20 years. (PSR ¶ 81). Twenty-two levels are added, under U.S.S.G. § 2B1.1(b)(1)(L), because the losses caused by Hirst's offenses of conviction were between $25 million and $65 million. (PSR ¶ 82). The PSR also applies a two-level enhancement, under U.S.S.G. § 2B1.1(b)(2)(A), because Hirst's offenses of conviction had 10 or more victims. (PSR ¶ 83). Further, an additional two-level enhancement, under U.S.S.G. § 3B1.3, is applied because Hirst abused a position of trust as part of the offense, resulting in a total offense level of 33. (PSR ¶ 86). At an offense level of 33 and a Criminal History Category of I, the PSR concludes that Hirst's applicable Guidelines range is 135 to 168 months' imprisonment. (PSR ¶ 146).

      The PSR failed to include an additional four level enhancement under to U.S.S.G. § 2B1.19(b)(19). Pursuant to U.S.S.G. § 2B1.1(b)(19), the offense level is increased by four levels if the offense involved a violation of securities law and, at the time of the offense, the defendant was an officer or director of a publicly traded company. The instant offense involved a violation of securities law, as the defendant was convicted of conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count One), and securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Count Two). During the commission of the offense, Hirst served as the President of Gerova and, at various times, as Chairman of the Board of Directors. (PSR ¶ 27). The Application Notes further explain that if

U.S.S.G. § 2B1.1(b)(19) applies, the enhancement for abuse of a position of trust pursuant to U.S.S.G. § 3B1.2 should not also be applied.  *See* U.S.S.G. §2B1.1, application note 15(C).   In sum, this revision results in a total offense level of 35. At an offense level of 35 and a Criminal History Category of I, the applicable Guidelines range is 168 to 210 months' imprisonment.

                      Respectfully submitted,

                      JOON H. KIM
                      Acting United States Attorney

By: /s/ Aimee Hector
     Aimee Hector
     Brian R. Blais
     Rebecca Mermelstein
     Assistant United States Attorneys
     (212) 637-2203/2521/2360

cc:  Michael Tremonte, Esq. (By Email/ECF)
     Justine Harris, Esq.
     Noam Biale, Esq.